Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge WILKINSON joined. Judge KING wrote an opinion dissenting in part and concurring in the judgment in part.
OPINION
NIEMEYER, Circuit Judge:
In 2004, Troy Powell was convicted of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and he was sentenced to 240 months’ imprisonment. The sentence imposed was an enhanced mandatory minimum sentence based on Powell’s prior North Carolina drug conviction. The maximum sentence that could have been imposed for the violation, regardless of the enhancement for the prior offense, was life imprisonment. See id. § 841(b)(1)(A).
Almost six years later, Powell filed this motion under 28 U.S.C. § 2255, seeking to vacate his sentence in light of the Supreme Court’s 2010 decision in Carachuri-Rosendo v. Holder, — U.S. -, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), which held that the question of whether a prior conviction is an “aggravated felony” as used in the Immigration and Nationality Act (“INA”) must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct. Powell argues that Carachuri should be applied retroactively as a new substantive rule to invalidate the use of his prior North Carolina conviction, which the district court found was a felony conviction and thus could be used to enhance his 2004 sentence under 21 U.S.C. § 841(b). He explains that Carachuri should be applied in the manner that we applied it in United States v. Simmons, 649 F.3d 237, 243-45 (4th Cir.2011) (en banc) (applying Carachuri to invalidate a sentence enhanced *556 under the Controlled Substance Act based on a prior conviction punished under North Carolina’s structured sentencing scheme). Powell contends that his § 2255 motion is timely based on 28 U.S.C. § 2255(f)(3), which authorizes the filing of a § 2255 motion within one year after the Supreme Court recognizes a new right that has been made retroactively applicable to cases on collateral review.
The district court denied Powell’s motion, holding, among other things, that no court had held that Carachuri, applied retroactively to cases on collateral review.
For the reasons that follow, we affirm.
I
Powell pleaded guilty in 2004 to conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of crack cocaine, subjecting him to a mandatory minimum sentence of 10 years’ imprisonment and a maximum sentence of life imprisonment. In sentencing Powell, the district court calculated his Guidelines range to be a sentence between 108 and 135 months’ imprisonment. Considering, however, Powell’s 1999 conviction in North Carolina state court for possession of marijuana with intent to distribute and concluding that it was a “felony drug offense” — one that potentially subjected Powell to a sentence exceeding one year— the court enhanced Powell’s sentence to the mandatory minimum term of 20 years’ imprisonment, as provided by 21 U.S.C. § 841(b)(1)(A). While the record shows with respect to Powell’s prior conviction that North Carolina had sentenced Powell to a term of six to eight months’ imprisonment, it does not reveal what the maximum sentence could have been inasmuch as there is no evidence in the record that demonstrates whether Powell’s offense was an aggravated one or whether he had a criminal history, at least one of which would have been necessary to subject Powell to the possibility of a sentence exceeding one year. See N.C. Gen.Stat. § 15A-1340.17(c) (1999).
After the Supreme Court decided Carachuri, our court decided Simmons, where we overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant’s actual level of aggravation and criminal history. See Simmons, 649 F.3d at 241.
Within one year after Carachuri was decided, Powell filed this § 2255 motion to vacate his sentence, contending that in light of Carachuri and Simmons, the district court had erroneously enhanced his sentence under 21 U.S.C. § 841(b)(1)(A), based on its finding that his prior North Carolina drug offense qualified as a “felony drug offense.”
The district court dismissed Powell’s motion as untimely. Noting that his motion must be filed within one year after the Supreme Court has recognized a new right that has been made “retroactively applicable to cases on collateral review,” the district court concluded that Powell could not show that any court had held that “Carachuri is retroactive on collateral review.”
From the district court’s January 4, 2011 order dismissing his § 2255 motion, Powell filed this appeal.
II
Section 2255 of Title 28 authorizes motions based on a defendant’s claim that, among other things, the defendant’s “sentence was imposed in violation of the Con *557 stitution or laws of the United States ... [or] was in excess of the maximum authorized by law.” Such motions must be filed within one year of the defendant’s judgment of conviction or, as applicable here, within one year of
the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
28 U.S.C. § 2255(f)(3).
Powell contends that his § 2255 motion satisfies the conditions of § 2255(f)(3) because Carachuri recognized a new substantive right, which should be retroactively applied to his motion. He argues that Carachuri recognized a new right that prohibits use of his 1999 North Carolina conviction to enhance his 2004 sentence and that, because he “received a punishment [in 2004 that] the law could not impose on him,” the rule in Carachuri is substantive. See Schriro v. Summerlin, 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (noting that a rule is substantive rather than procedural if it “alters ... the class of persons that the law punishes”).
The government contends that Carachuri is a civil case construing the INA and that its holding is not a rule of criminal law that narrowed the class of persons who can be punished by the criminal law. Moreover, according to the government, if Carachuri did create a new rule, it was merely a procedural rule indicating the process by which lower courts should determine whether a prior conviction constituted an “aggravated felony” for the purposes of the INA. It argues that Carachuri “did not narrow the construction of a criminal statute, but rather, at most, made clear what must be evident on the face of the record before considering a prior conviction to have been a recidivist conviction.” The government maintains that while our decision in Simmons, which applied the interpretive principles applied in Carachuri, may have announced a new substantive rule of criminal law, Carachuri itself did not. Finally, it asserts that in this case, even Simmons does not indicate that in 2004 Powell “face[d] a punishment that the law [could not] impose,” Schriro, 542 U.S. at 352, 124 S.Ct. 2519, because regardless of whether the prior North Carolina conviction qualified as an enhancing conviction under 21 U.S.C. § 841(b)(1)(A), Powell faced the same maximum sentence of life imprisonment.
The principles governing whether a new right is retroactively applicable to cases on collateral review are well settled. The chief objective of federal collateral review is to ensure that “trial and appellate courts throughout the land ... conduct their proceedings in a manner consistent with established [legal] standards.” Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion) (quoting Desist v. United States, 394 U.S. 244, 262-63, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting)). Consistent with this goal, collateral review is ordinarily available to “correct violations of long-established ... rights,” but not to overturn the outcome in cases where the trial judge and jury “faithfully appl[ied] existing ... law.” Engle v. Isaac, 456 U.S. 107, 128 n. 33, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Stated differently, well-established legal rules — old rules — are applicable on collateral review, while new rules generally are not. Whorton v. Bockting, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007).
Nonetheless, Teague and its progeny have identified two exceptional situations in which new legal rules ought to be applied retroactively. Lambrix v. Singletary, 520 U.S. 518, 527, 117 S.Ct. 1517, 137 *558 L.Ed.2d 771 (1997). The first allows for the retroactive application of new substantive rules. See Schriro, 542 U.S. at 351, 124 S.Ct. 2519 (explaining that new substantive rules, unlike new procedural rules, “generally apply retroactively” on collateral review). “A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes.” Id. at 353, 124 S.Ct. 2519. By contrast, a rule is procedural if it merely regulates “the manner of determining the defendant’s culpability.” Id. And such procedural rules do not generally apply retroactively.
The second exception provides a narrow possibility of retroactivity for new procedural rules, but its scope is far more restricted than the exception for substantive rules. New procedural rules may be applied retroactively if they are “watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.” Saffle v. Parks, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (internal quotation marks omitted). Since Teague, the Supreme Court has reviewed numerous claims that various new rights fall within this exception, and it has rejected every single one of them. See Whorton, 549 U.S. at 418, 127 S.Ct. 1173 (collecting cases). In doing so, the Court has repeatedly implied that the only procedural rules deserving of retroactive application are those that are comparable in importance to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which incorporated the Sixth Amendment right to counsel against the States. See, e.g., Beard v. Banks, 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004).
Applying these formulations, we conclude that Caraehuri is best understood as articulating a procedural rule rather than a substantive one. The case prescribed the manner in which to construe an INA condition that prohibits discretionary cancellation of an order of removal — i.e., the condition that inquires whether the defendant had been “convicted of any aggravated felony.” 8 U.S.C. § 1229b(a)(3). The Caraehuri Court held that in determining whether the condition is satisfied, a court must look to the defendant’s record of conviction, not to a hypothetical conviction which could have been prosecuted in the circumstances. See Carachuri, 130 S.Ct. at 2586-89.
The issue in Caraehuri was whether a second Texas state conviction for drug possession, prosecuted as simple drug possession rather than as recidivist drug possession, qualified as an “aggravated felony,” as that term is used in the INA. For a state drug offense to qualify as an “aggravated felony” under the INA, the state offense would have to be punishable as a felony (punishable for more than one year of imprisonment) if prosecuted under the federal Controlled Substances Act (“CSA”). Under the CSA, a conviction for simple drug possession is generally not punishable by more than one year of imprisonment and therefore would typically not count as an aggravated felony under the INA. See 21 U.S.C. § 844(a). But a conviction for drug possession by a recidivist would be punishable by imprisonment for more than one year and therefore would count as an aggravated felony. See id.
The defendant in Caraehuri had been convicted twice in Texas for simple drug possession, but his second offense was not prosecuted as a recidivist offense. Nonetheless, the government argued that because the second offense could have been prosecuted in federal court as a recidivist offense under § 844(a), which would have potentially subjected the defendant to a sentence of more than one year, his second conviction qualified as an aggravated felo *559 ny under the INA. The Supreme Court rejected this “hypothetical approach,” explaining that Carachuri’s “record of conviction [in the state court] contains no finding of the fact of his prior drug offense.” Carachuri, 130 S.Ct. at 2586. The Court observed that regardless of whether the defendant could have been charged in state or federal court as a recidivist, he was not in fact so charged. It therefore concluded that the defendant was not actually “convicted of any aggravated felony” within the meaning of the INA. See id. at 2589.
The Supreme Court’s holding in Carachuri altered neither “the range of conduct” nor the “class of persons” that could be punished under any criminal statute. See Schriro, 542 U.S. at 353, 124 S.Ct. 2519. Both before and after Carachuri, the range of conduct prohibited by 21 U.S.C. § 844(a), the federal analogue of the applicable Texas statute, is simple drug possession; likewise, before and after the decision in Carachuri, the “class of persons” subject to punishment under § 844(a) and the corresponding Texas statute remains the same: nonrecidivists drug possessors can receive up to one year’s imprisonment and recidivist drug possessors can receive up to two years’ imprisonment. The only novelty introduced by Carachuri is the procedure for determining whether a defendant’s prior conviction qualifies as an aggravated felony. The Court held that a defendant can be found to have had a prior conviction for recidivist drug possession and thus for an aggravated felony if the record of conviction includes a finding that the defendant was in fact a recidivist. See Carachuri, 130 S.Ct. at 2589. Because the sole innovation of Carachuri relates to “the manner of determining ” the potential punishment for an offense based on the facts disclosed by the judicial record, it is a quintessential procedural rule. Schriro, 542 U.S. at 353, 124 S.Ct. 2519; see also United States v. Sanders, 247 F.3d 139, 147 (4th Cir.2001) (holding that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), “constitutes a procedural rule because it dictates what fact-finding procedure must be employed” (emphasis added)).
Our decision in Simmons reinforces this reading of Carachuri. We summed up the ultimate question in Carachuri as “whether Carachuri had been ‘convicted of a crime ‘punishable as a federal felony’ under the CSA.” 649 F.3d at 241 (quoting Carachuri, 130 S.Ct. at 2583). We explained that the Supreme Court answered that question by holding that “Carachuri was ‘not actually convicted’ of an offense punishable by a term of imprisonment exceeding one year” because the record of conviction for his second drug offense “contained ‘no finding of the fact of his prior drug offense.’ ” Id. at 242 (quoting Carachuri, 130 S.Ct. at 2586-87) (emphasis added); see also, e.g., id. at 243 (“In Carachuri, the Court [construed one of its prior opinions as holding] that a recidivist finding could set the maximum term of imprisonment, but only when the finding is a part of the record of conviction” (internal quotation marks omitted)). We then extracted the interpretive principles and procedural requirements outlined in Carachuri from the statutory context in which they initially arose and applied them to 21 U.S.C. § 841 and the North Carolina sentencing scheme. In doing so, we held that “because no findings of recidivism or aggravation appeared] in Simmons’s state record of conviction, those enhancements [could] not be considered in determining whether Simmons’s offense constitutes a ‘felony drug offense’ under the CSA.” Id. 249 (emphasis added).
Because the Supreme Court’s decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not *560 alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review. See Saffle, 494 U.S. at 495, 110 S.Ct. 1257 (noting that procedural rules apply retroactively only when they are “watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding” (internal quotation marks omitted)). Thus, Powell’s § 2255 motion must be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(3).
The district court’s order of dismissal is

AFFIRMED.