**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5150**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

REGINALD TYRONE COZART,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:11-cr-00087-BO-1)

Argued:  September 20, 2012          Decided:  October 31, 2012

Before NIEMEYER and KEENAN, Circuit Judges, and Michael F.
URBANSKI, United States District Judge for the Western District
of Virginia, sitting by designation.

Vacated and remanded with instructions by unpublished opinion.
Judge Keenan wrote the opinion, in which Judge Niemeyer and
Judge Urbanski joined.

**ARGUED:** Jennifer P. May-Parker, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellant.   Renorda
Eulissa Pryor, HERRING AND ASSOCIATES, Raleigh, North Carolina,
for Appellee.   **ON BRIEF:** Thomas G. Walker, United States
Attorney, Evan Rikhye, Assistant United States Attorney, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellant.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, the government challenges the district court's order dismissing an indictment against Reginald Cozart after finding him guilty of the offense charged, namely, the unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The district court held that because Cozart was sentenced to a term of imprisonment of less than one year on the predicate state conviction underlying the federal firearm charge, his conviction on the federal firearm charge was invalid under this Court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Upon our review, we conclude that the district court misapplied our decision in Simmons. Accordingly, we vacate the district court's order dismissing the indictment, reinstate Cozart's conviction, and remand the case to the district court for further proceedings.

## I.

In July 2011, Cozart entered a guilty plea to a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Those statutes, in relevant part, prohibit anyone who has been convicted by any court of a "crime punishable by imprisonment for a term exceeding one year" from

3

possessing a firearm or ammunition.  18 U.S.C. § 922(g)(1).[1]  The predicate conviction identified by the government to support the federal firearm charge was Cozart's earlier conviction under North Carolina law as an accessory after the fact to discharging a firearm into an occupied property (the state conviction).

The district court held a sentencing hearing in October 2011, in which the court determined that Cozart should receive a sentence of 15 months' imprisonment followed by a three-year period of supervised release.  However, the district court did not enter a final order imposing sentence at that time.

Two weeks after the sentencing hearing, the district court conducted an additional hearing to determine whether Cozart's conviction could stand in light of this Court's en banc decision in Simmons, decided six weeks after Cozart entered his guilty plea.  The district court observed that Cozart had received a sentence of 10 to 12 months' imprisonment for the state conviction, even though the statutory "presumptive range" of imprisonment for that offense for an individual with Cozart's "prior record level" was 10 to 13 months' imprisonment. Interpreting our decision in Simmons, the district court stated that "only when a defendant has been punished by a term of imprisonment exceeding one year should his prior conviction be

---

[1] 18 U.S.C. § 924 provides, among other things, a maximum term of 10 years' imprisonment for a violation of § 922(g).

4

considered by a federal court in determining predicate offense conduct." (Emphasis in original.)

Applying this construction of Simmons, the district court held that "because Mr. Cozart was not actually punished by a sentence in excess of one year, he cannot, for the purposes of federal sentencing or indictment, be found to have been convicted of a prior felony. Mr. Cozart is therefore legally innocent of his offense of conviction under § 922(g)." (Emphasis in original.) The district court accordingly vacated Cozart's conviction and dismissed the indictment. The government timely filed a notice of appeal.

## II.

In considering the issue of law before us, we apply an established standard of review. We evaluate de novo the district court's order vacating Cozart's conviction and dismissing the indictment. See United States v. Pettiford, 612 F.3d 270, 275 (4th Cir. 2010) (reviewing de novo legal issues underlying district court's vacatur of conviction); United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009) (reviewing district court's dismissal of indictment de novo when dismissal was based on a conclusion of law).

In Simmons, we analyzed a federal statute requiring application of a sentencing enhancement when a defendant had

been convicted of a prior drug-related offense "punishable by imprisonment for more than one year." 649 F.3d at 239 (citing 21 U.S.C. §§ 802(44), 841(b)(1)(B)(vii)). In construing this statutory language, we held that federal courts, in determining whether a prior conviction was "punishable" by a term of imprisonment greater than one year, should not look to the maximum sentence that the state court could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a substantial prior criminal record. Id. at 243-47. We directed that, instead, federal courts must examine the maximum sentence that the state court could have imposed on a person with that particular defendant's actual criminal history and level of aggravation. Id.; see also United States v. Powell, 691 F.3d 554, 559 (4th Cir. 2012) (summarizing Simmons holding).

The statutory language at issue in Simmons is substantively identical to the language of 18 U.S.C. § 922(g)(1) at issue in this case. Thus, although Simmons was decided in the context of a sentencing enhancement statute, rather than the validity of the federal conviction itself, our holding in Simmons is equally applicable to the statute at issue here, which requires as an element of the firearm offense a predicate conviction for a crime "punishable" by more than one year in prison. See 18 U.S.C. § 922(g)(1).

6

We hold that the district court erred in concluding that Cozart's federal conviction was invalid under Simmons. Our decision in Simmons addressed a situation in which a defendant had a predicate conviction for a crime that was punishable by a maximum term of imprisonment greater than one year, but for which that particular defendant could not have been sentenced to imprisonment exceeding one year for that crime given the defendant's prior record level and the absence of any aggravating factors found by the sentencing court.[2] We held that a conviction for such a defendant was not "punishable by imprisonment for a term exceeding one year," within the meaning of 21 U.S.C. §§ 802(44), 841(b)(1)(B)(vii). Simmons, 649 F.3d at 243-45.

In United States v. Edmonds, 679 F.3d 169, 176-77 (4th Cir. 2012), issued after the district court vacated Cozart's conviction, we emphasized that Simmons does not direct a district court to restrict its consideration to the sentence that a defendant actually received for a predicate conviction in determining the extent of his potential punishment for that

---

[2] As described in Simmons, an individual defendant's sentencing range under the North Carolina Structured Sentencing Act is determined based on a combination of three factors: 1) classification of the offense; 2) the defendant's prior record level; and 3) the presence or absence of aggravating or mitigating factors. See N.C. Gen. Stat. § 15A-1340.17; Simmons, 649 F.3d at 240.

7

offense.  The defendant in Edmonds had received an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) and U.S.S.G § 4B1.1(a), based on two prior drug convictions that the district court found were each punishable by a term of imprisonment exceeding one year.  679 F.3d at 176.  For one of these two prior convictions, Edmonds had been subject to a maximum sentencing range of up to 14 months' imprisonment, although he actually was sentenced to serve a term of 9 to 11 months' imprisonment.

We rejected Edmonds' argument that this prior state conviction could not be used to enhance his federal sentence on the ground that he did not actually receive a sentence exceeding one year of imprisonment.  We explained that under our holding in Simmons, "the qualification of a prior conviction does not depend on the sentence [a defendant] actually received but on the maximum sentence that he could have received for his conviction."  Edmonds, 679 F.3d at 176.  Thus, we concluded that because Edmonds could have received a term of 14 months' imprisonment for that offense, the offense qualified as a predicate conviction for sentencing enhancement purposes.  Id. at 176-77.

The reasoning applied by the district court in the present case was contrary to our holding in Simmons, as further applied by our holding in Edmonds.  Cozart's state conviction and prior record level rendered him eligible to receive for that

8

conviction a term of imprisonment of up to 13 months. Thus, Cozart's actual sentence of 10 to 12 months' imprisonment was not determinative of the issue whether he had been convicted of a crime "punishable by imprisonment for a term exceeding one year." See 18 U.S.C. § 922(g)(1). Cozart had been convicted of a crime that was "punishable by imprisonment for a term exceeding one year," because he could have been sentenced for that prior conviction to a term of up to 13 months' imprisonment. Accordingly, Cozart's prior record qualified him for conviction under 18 U.S.C. § 922(g)(1).

For these reasons, we vacate the district court's judgment, and remand the case to the district court for reinstatement of the indictment and conviction, and for entry of final judgment imposing sentence on Cozart for his violation of 18 U.S.C. §§ 922(g)(1) and 924.

VACATED AND REMANDED WITH INSTRUCTIONS