Certiorari granted by Supreme Court, January 13, 2014
Vacated by Supreme Court, January 13, 2014

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-6929**

---

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

JOSEPH K. NEWBOLD,

            Defendant – Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:05-cr-00262-TDS-1; 1:08-cv-00698-TDS-PTS)

---

Submitted:  October 30, 2012          Decided:  December 11, 2012

---

Before KING and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Joseph K. Newbold, Appellant Pro Se.  Michael Francis Joseph, Assistant United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph K. Newbold appeals the district court's order accepting a magistrate judge's recommendation and denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. By order entered October 19, 2011, we denied a certificate of appealability and dismissed all the claims Newbold raised on appeal except his claim that his predicate convictions no longer qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). We granted a certificate of appealability on the sole issue of whether Newbold is entitled to habeas relief on his ACCA sentence in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), as applied in Simmons. This appeal was subsequently placed in abeyance for United States v. Powell, No. 11-6152, on the issue of whether Carachuri-Rosendo, as applied in Simmons, is retroactively applicable to cases on collateral review.

In United States v. Powell, 691 F.3d 554, 558-60 (4th Cir. 2012), this court held that Carachuri-Rosendo announced a procedural rather than a substantive rule, and therefore is not retroactively applicable to cases on collateral review. Under Powell, Carachuri-Rosendo and Simmons do not afford Newbold habeas relief. Accordingly, we affirm the district court's

2

order on this remaining claim.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>