UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6254

GORDON LEE MILLER,

                    Petitioner - Appellant,

          v.

UNITED STATES OF AMERICA,

                    Respondent – Appellee.

-------------------------

RICHARD DONALD DIETZ,

                    Court-Assigned Amicus Counsel.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:12-cv-00701-RJC; 3:07-cr-00059-
RJC-1)

Argued:  June 25, 2013            Decided:  August 21, 2013

Before KING, DIAZ, and FLOYD, Circuit Judges.

Vacated and remanded by published opinion.  Judge Floyd wrote
the opinion, in which Judge King and Judge Diaz joined.  Judge
King wrote a separate concurring opinion.

**ARGUED:** Ann Loraine Hester, FEDERAL DEFENDERS OF WESTERN NORTH
CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy
Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville,

North Carolina, for Appellee. Richard Donald Dietz, KILPATRICK TOWNSEND & STOCKTON, LLP, Winston-Salem, North Carolina, for Court-Assigned Amicus Counsel. **ON BRIEF:** Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

FLOYD, Circuit Judge:

Petitioner Gordon Lee Miller appeals the dismissal of his 28 U.S.C. § 2255 motion to vacate his conviction for violating 18 U.S.C. § 922(g)(1)—possession of a firearm by a convicted felon. Miller was convicted for a single count of possession of a firearm by a convicted felon. Four years later, Miller filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that under this Court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he was innocent of the firearm offense. We agree and for the reasons that follow vacate his conviction and remand with instructions to grant Miller's § 2255 petition.

I.

This appeal arises from Miller's 2008 conviction for a single count of possession of a firearm by a convicted felon, violating 18 U.S.C. § 922(g)(1). On March 27, 2007, the Grand Jury for the Western District of North Carolina charged Miller with possessing a firearm after having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year. At the time of Miller's trial, he had previously been convicted in North Carolina for felony possession of cocaine, for which he was sentenced to six to eight months in prison. He was then convicted in North Carolina

3

for threatening a court officer, for which he was also sentenced to six to eight months in prison. Pursuant to North Carolina's Structured Sentencing Act, the maximum sentence that Miller could have received for either offense—based on his prior record level—was eight months. N.C. Gen. Stat § 15A-1340.17(c), (d). At the time of trial, under then valid precedent, Miller's convictions were considered to be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). After the jury found Miller guilty, the district court sentenced him to seventy-two months' imprisonment followed by three years of supervised release. Miller chose not to appeal this ruling.

However, four years later, in 2012, Miller filed a 28 U.S.C. § 2255 motion to vacate his conviction. Miller contends that in light of this Court's decision in Simmons he is innocent of the § 922(g)(1) firearm offense because he did not have any qualifying predicate convictions. Alternatively, Miller sought relief under 28 U.S.C. § 2241 by way of a writ of error coram nobis or by a writ of audita querela. The government agreed with Miller's position and, after waiving the statute of limitations,[1] which would normally bar Miller's motion as

---

[1] 28 U.S.C. § 2255 includes a one-year statute of limitations for filing a motion to vacate. This period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

untimely, asked the district court to vacate Miller's conviction.

To understand Miller's claim that he is actually innocent of the firearms offense, we begin by explaining the line of precedent on which he relies. First, in 2010, the Supreme Court decided Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which held that whether a conviction is, for purposes of the Immigration and Nationality Act, an "aggravated felony" must be determined by looking at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. To qualify as an aggravated felony the crime must be one for which "the 'maximum term of imprisonment authorized' is 'more than one year.'" Id. at 2581 (quoting 18 U.S.C. § 3559(a)).

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

After Carachuri, the Supreme Court asked us to reconsider our initial panel decision in Simmons, in which we held that Simmons's prior state conviction for which he faced no possibility of imprisonment was an offense punishable by imprisonment for more than one year that allowed a sentence enhancement.  649 F.3d at 240-41.  Previously, "'to determine whether a conviction is for a crime punishable by a prison term exceeding one year' under North Carolina law, 'we consider[ed] the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history.'"  Id. at 241 (quoting United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005)).  Upon rehearing the case en banc, this Court changed course, overruling long-standing precedent, and vacated Simmons's sentence in light of Carachuri.  The Court held that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence.  Id. at 244.  Therefore, we no longer look "to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record."  United States v. Powell, 691 F.3d 554, 556 (2012).

After Simmons, this Court then decided Powell. In Powell, the defendant brought a 28 U.S.C. § 2255 motion seeking to vacate his conviction in light of the Supreme Court's decision in Carachuri. 691 F.3d at 555. Powell urged this Court to apply Carachuri in the same way that we had previously applied it in Simmons to vacate his sentence under North Carolina law. Id. at 556-57. This Court declined to do so and found that Carachuri announced a procedural rule that was not retroactive on collateral review. Id. at 560-61. This Court reasoned that Carachuri was a procedural rule because it "at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment." Id. at 559-60.

On February 15, 2013, the district court denied Miller's motion to vacate. It acknowledged the government's waiver of its statute-of-limitations defense but held that Miller's claim failed because, under Powell, Simmons is not retroactively applicable on collateral review. Thus, Miller was not entitled to relief. The district court also denied Miller's alternative claims for relief. The district court granted a certificate of appealability (COA), and Miller then timely appealed to this Court. Because Miller and the government contend that the district court's ruling was erroneous and his conviction should

7

be vacated, we appointed Amicus Curiae to defend the reasoning of the district court. We have jurisdiction pursuant to 28 U.S.C. § 2253(c)(1).[2]

## II.

Miller argues that pursuant to our decision in Simmons his conviction under 18 U.S.C. § 922(g)(1) must be vacated. Under § 922(g)(1), it is unlawful for a person to possess a firearm if he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). In Simmons, this Court held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's

---

[2] Amicus argues that this Court does not have jurisdiction because the district court improperly issued the COA pursuant to 28 U.S.C. § 2253(c). We disagree. "[A] conviction for engaging in conduct that the law does not make criminal is a denial of due process" for which a COA is appropriate. Buggs v. United States, 153 F.3d 439, 444 (7th Cir. 1998). This is consistent with our grants of COAs in cases similar to this. See, e.g., United States v. Thomas, 627 F.3d 534, 535 (4th Cir. 2010) (noting that we "granted a certificate of appealability to consider the issue of whether Watson [holding that a person does not use a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives it in trade for drugs] announced a new rule of law that applies retroactively to cases on collateral review"). Thus, we decline to review the COA and proceed on the merits.

mandatory Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.17, was not "punishable" by more than one year in prison and is not a felony offense for purposes of federal law. 649 F.3d at 243. Prior to Simmons, the individual defendant's actual criminal record at the time he was convicted for a prior North Carolina offense did not matter; if a hypothetical defendant charged with the same crime could have received more than one year in prison under North Carolina law, the crime was a felony in federal court. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005). After Simmons, an individual is not prohibited from possessing a firearm unless he could have received a sentence of more than one year for at least one of his prior convictions. The parties and Amicus agree that Simmons announced a new rule affecting § 922(g)(1). However, Amicus argues that the rule is not retroactively applicable.

A petitioner who collaterally attacks his conviction must establish that the change applies retroactively. Bousley v. United States, 523 U.S. 614, 620 (1998). Miller argues that Simmons should be applied retroactively because the rule limiting retroactivity announced in Teague v. Lane, 489 U.S. 288 (1989), does not apply here. Under Teague, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those

cases which have become final before the new rules are announced." Id. at 310.

Miller makes two arguments as to why Teague does not apply. First, he contends that Teague applies only to new constitutional rules and Simmons involved statutory interpretation. We have already rejected this argument. In United States v. Martinez, 139 F.3d 412, 417 (4th Cir. 1998), we squarely held that Teague is applicable to cases of statutory interpretation. This holding has not been placed in doubt because the Supreme Court has reaffirmed in Schriro v. Summerlin, 542 U.S. at 348 (2004), that the retroactivity analysis applies to "[n]ew substantive rules. . . . This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id. at 351-52 (citation omitted).

Next, Miller argues that a Teague exception applies because Simmons announced a new substantive rather than procedural rule. Substantive rules apply retroactively because there is "a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." Schriro, 542 U.S. 352 (quoting Bousley, 523 U.S. at 620). A new rule is substantive "if it

10

alters the range of conduct or the class of persons that the law punishes." Id. at 353. By contrast, new procedural rules generally do not apply retroactively, because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 352.

The Simmons decision changed the way this Court determines whether prior convictions for certain lower-level North Carolina felonies are punishable by more than one year in prison. This Court applied Carachuri to create a new substantive rule. Simmons requires the court to look at how much prison time the defendant was exposed to given his own criminal history at the time he was sentenced and any aggravating factors that were actually alleged against him. For defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted. The fact that this Court relied on Carachuri in reaching its decision in

11

*Simmons* does not mean that *Carachuri* itself announced a new rule of substantive criminal law, only that this Court applied *Carachuri* in such a way as to announce such a rule. We implicitly recognized that some extension of logic was necessary, stating that *Carachuri* "directly undermine[d]" the Court's rationale in *Harp*, rather than recognizing that *Carachuri* directly overruled *Harp*. *Simmons*, 649 F.3d at 246. *Simmons*, then, narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison. Thus, *Simmons* altered "the class of persons that the law punishes," *Schriro*, 542 U.S. at 353, and announced a substantive rule that is retroactively applicable.

Comparing the *Simmons* decision to other decisions that have announced a substantive rule makes clear that *Simmons* functioned as an announcement of a new substantive rule. In *Bailey v. United States*, 516 U.S. 137 (1995), for example, the Supreme Court rejected the previous construction of the use of a firearm, as defined in 18 U.S.C. § 924(c)(1)—that had been applied in many circuit courts of appeals, including this Court— and held that "using" a firearm within the meaning of § 924(c)(1) required the "active employment of a firearm," not its mere possession. *Simmons*, 649 F.3d at 143-44. Because the decision narrowed the scope of "use" to mean "active employment"

12

and not "mere possession," the Supreme Court recognized in Bousley that Bailey announced a new substantive rule that was retroactively applicable to cases on collateral review. Bousley, 523 U.S. at 620-21. Further, in Watson v. United States, 552 U.S. 74, 83 (2007), the Court narrowed the scope of 18 U.S.C. § 924(c)(1), holding that a person does not "use" a firearm in violation of that statute when he receives it in trade for drugs. In each of these cases, then, the Supreme Court considered the substantive scope of a criminal statute and announced a new rule that, in some way, narrowed the scope of that statute as it had previously been construed.

Contrary to Amicus's assertion, our decision in Powell does not control the outcome here. In Powell, this Court determined that Carachuri announced a procedural rule that was not retroactively applicable on collateral review. 691 F.3d at 559-60. Powell filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence in light of Carachuri. Id. at 555. To determine whether the Court had the power to hear the merits of Powell's claim it first had to determine whether Powell could get around the statute-of-limitations problem. Section 2255(f)(3) provides for a one-year limitation that "shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been . . . made retroactively applicable to cases on collateral

13

review." Simply put, the Court had to determine whether Carachuri was retroactive to decide if the motion filed by Powell was timely. In doing so, the Court went on to reason that Carachuri did not alter the "range of conduct" nor the "class of persons" that could be punished. Instead, Carachuri simply recognized that the recidivist nature of a prior conviction had to be apparent on the face of the record in order to trigger enhanced punishment. Id. at 559. Therefore, Carachuri, in this context, looks only at whether a certain procedure was followed in obtaining a prior conviction; it does not narrow the scope of a criminal statute such that it places a class of persons beyond the State's power to punish or exposes a defendant to punishment that the law cannot impose upon him. However, Powell does not necessarily mean that Simmons did not announce a substantive rule. Although the Court took note of the Simmons case, the Court did not consider—and was not asked to consider—whether Simmons announced a new substantive rule. Id. at 557. The retroactivity of Simmons was irrelevant to Powell because Powell's § 2255 petition could be sustained only by a retroactive Supreme Court decision.

In fact, Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment. This additional application and analysis

14

distinguishes Simmons from Carachuri. In sum, even though Powell determined that Carachuri is a procedural rule that is not retroactive, this does not mean that Simmons, in applying Carachuri, did not announce a substantive rule that is retroactive.

## III.

In conclusion, because Simmons announced a new substantive rule that is retroactive on collateral review, we vacate Miller's conviction and remand with instructions to the district court to grant his petition.

VACATED AND REMANDED

KING, Circuit Judge, concurring:

I write separately to reiterate my view that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), is retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-66 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part). I also acknowledge and appreciate that the panel majority's contrary ruling in Powell is the law of this Circuit. Nevertheless, as Judge Floyd so ably explains today, Powell did not answer the distinct question now before us, that is, whether this Court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), has retroactive applicability. I unequivocally agree with my fine colleagues that it does.