**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6804

MICHAEL ANTHONY FARROW,

             Petitioner - Appellant,

        v.

WARDEN SARA M. REVELL,

             Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.  (5:12-hc-02193-FL)

Submitted:  September 25, 2013        Decided:  October 9, 2013

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael Anthony Farrow, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Farrow appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (2006). Farrow alleged that, following our decision in United States v. Simmons, 649 F.3d 237, 244-45 (4th Cir. 2011) (en banc), he was actually innocent of being a felon in possession of a firearm and of being an armed career criminal. Farrow had previously filed a direct appeal and a 28 U.S.C.A. § 2255 (West Supp. 2013) motion, both of which were resolved adversely to him prior to Simmons. We affirm the district court with regard to Farrow's challenge to his armed career criminal status and vacate and remand for further consideration of his actual innocence claim.

A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In limited circumstances, however, § 2255 "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C.A. § 2255(e). Prisoners relying on this provision (often referred to as the "savings clause") may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

In <u>Jones</u>, we concluded that a § 2255 motion is inadequate or ineffective, and a § 2241 petition may be used to test the legality of a conviction, when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Id.</u> at 333-34. Initially, we conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a § 2241 petition. See <u>United States v. Poole</u>, 531 F.3d 263, 267 (4th Cir. 2008) (stating that savings clause only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of sentencing factor).

However, we conclude that Farrow's actual innocence claim is eligible for consideration pursuant to the savings clause.[*] Circuit law established the legality of Farrow's conviction at the time it was entered. Subsequently, and after Farrow had filed his direct appeal and first § 2255 motion, we

---

[*] We offer no opinion on the merit of Farrow's claims. The district court did not address Farrow's actual innocence claim, and therefore it remains undeveloped. We cannot conclusively say on the record before us that Farrow is not entitled to relief.

3

decided <u>Simmons</u>, which we have recently held to be retroactively applicable on collateral review. <u>See</u> <u>Miller v. United States</u>, ___ F.3d ___, __, 2013 WL 4441547, at *5 (4th Cir. Aug. 21, 2013). Finally, the gatekeeping provisions in § 2255(h) prevent Farrow from filing a § 2255 motion to take advantage of the change in the law because <u>Simmons</u> is not a rule of constitutional law announced by the Supreme Court. Farrow's actual innocence claim thus satisfies the three prongs of the <u>Jones</u> test and is, therefore, cognizable in a § 2241 petition.

Accordingly, we affirm the district court as to Farrow's challenge to his armed career criminal status, and we vacate and remand for consideration of Farrow's actual innocence claim. We grant Farrow leave to proceed in forma pauperis on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>