**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-7600**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

MORRIS KENDALL JONES,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:07-cr-00016-BO-1; 5:12-cv-00070-BO)

───────────

Submitted:  November 27, 2013      Decided:  January 9, 2014

───────────

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Morris Jones appeals the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2013) motion as untimely. The district court granted a certificate of appealability on the issue of whether Jones' § 2255 motion was timely; we expanded the certificate of appealability and directed the parties file supplemental briefs in light of Miller v. United States, ___ F.3d ___, 2013 WL 4441547 (4th Cir. Aug. 21, 2013), and Jones' waiver of his right to attack his conviction and sentence in a § 2255 proceeding. We affirm the dismissal of Jones' § 2255 motion, holding that Jones' collateral attack was barred by the waiver of his rights in his plea agreement.

The Government raised Jones' waiver of collateral attack rights in the district court and on appeal. We review the validity of an appeal waiver de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We will enforce an appeal waiver to preclude a defendant from raising an issue if "the waiver is valid and . . . the issue being appealed is within the scope of the waiver." Id.; see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (holding that "defendant may waive the right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary").

2

On appeal, Jones does not contend that his waiver was not knowing and intelligent, asserting only that his claim is not within the scope of his waiver. Jones contends that, following our decision in United States v. Simmons, 649 F.3d 237, 244-45 (4th Cir. 2011) (en banc), the district court improperly enhanced his sentence based on Jones' prior felony convictions. Applying Circuit precedent, we conclude that this issue falls within the scope of Jones' waiver. See United States v. Copeland, 707 F.3d 522, 528-30 (4th Cir. 2013), cert. denied, 82 U.S.L.W. 3181 (U.S. Oct. 7, 2013) (No. 12-10514).

Accordingly, we affirm the district court's denial of § 2255 relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED