**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-6556**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

   v.

DANIEL R. SAWYER,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:05-cr-00229-RJC-1; 3:12-cv-00193-RJC)

_____

Submitted: October 30, 2013    Decided: January 21, 2014

_____

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Daniel R. Sawyer, Appellant Pro Se. Melissa Louise Rikard, Assistant United States Attorney, Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Sawyer appeals the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion as untimely. In his § 2255 motion, Sawyer argued that he was erroneously sentenced as a career offender in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Although all parties agree that Sawyer's § 2255 motion was filed outside of the one-year statute of limitations in § 2255(f)(1), Sawyer argued that his motion was timely under § 2255(f)(3) or (f)(4) because he filed it within one year of Simmons. It is undisputed that, had the rule announced in Simmons been the law when Sawyer was sentenced, he could not have been sentenced as a career offender. Having reviewed the parties' supplemental briefs filed in light of United States v. Miller, 735 F.3d 141, 146-47 (4th Cir. 2013) (holding that Simmons announced new substantive rule retroactively applicable to cases on collateral review), we decline to issue a certificate of appealability and dismiss the appeal.

Sawyer may not appeal the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on procedural

2

grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a one-year statute of limitations applies to the filing of § 2255 motions, and, as relevant here, the statutory limitations period runs from the latest of:

>   (1) the date on which the judgment of conviction becomes final;
>
>   . . . .
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

We conclude that Sawyer's § 2255 motion is not timely. It is undisputed that Sawyer's motion was filed more than one

3

year after the entry of judgment. Sawyer may not avail himself of § 2255(f)(3) because Simmons is not a decision of the United States Supreme Court. Lastly, the decision in Simmons is not a fact for purposes of § 2255(f)(4) because it is not a legal decision that occurred in Sawyer's own case. See Lo v. Endicott, 506 F.3d 572, 575 (7th Cir. 2007); Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005).[*]

Sawyer's main contention is that he is entitled to equitable tolling. See United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Equitable tolling is appropriate only when the movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Although Sawyer has diligently pursued his claims post-Simmons, he has not demonstrated any

---

[*] We observe that Sawyer stands in a similar procedural posture as the defendant in Miller, who also filed a motion under §2255 based on Simmons more than one year after his conviction became final. See 735 F.3d at 43. However, in contrast to Miller, the government has not waived the statute of limitations issue. Cf. id. Instead, the government asserts that the one-year statute of limitations precludes the relief Sawyer seeks in this case.

4

extraordinary circumstances warranting equitable tolling of the AEDPA's one-year statute of limitations.

Accordingly, we deny a certificate of appealability, deny Sawyer's motion for stay and remand, deny Sawyer's motion to appoint counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED