# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

DARRELL EUGENE BANKS,

Petitioner-Appellant

v.

UNKNOWN MOSELY, Federal Correctional Institute Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-951

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Darrell Eugene Banks, federal prisoner # 23612-058, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief. He also has filed a motion for appointment of counsel. Banks argued in the district court that he was actually innocent of the charges listed in the indictment, challenged the validity of his plea, and complained that his trial counsel was ineffective. He also contended that the rulings in *United States v. Simmons*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60231

649 F.3d 237 (4th Cir. 2011), and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), provide grounds to reverse his conviction for being a felon in possession of a firearm. The district court denied relief, concluding that Banks failed to meet the requirements of the savings clause under 28 U.S.C. § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided by § 2255 are "inadequate or ineffective to test the legality of his detention." When addressing the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Banks fails to make the required showing. *See id.* He does not cite a retroactively applicable Supreme Court ruling establishing that he may have been convicted of a nonexistent offense, and he has not established that his claims were foreclosed at the time when they should have been raised at trial, on appeal, or in an initial § 2255 motion. *See id.* Moreover, the sentencing court rejected the same claims in a § 2255 motion to vacate, correct, or set aside the sentence. A prior unsuccessful § 2255 motion or the inability to meet the second or successive requirement for § 2255 motions does not render § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830. Finally, Banks's actual innocence argument is unavailing. *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006).

No. 15-60231

The judgment of the district court is AFFIRMED. The motion for appointment of counsel is DENIED.