ALD-294                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1812
_____

DAVID M. SCATES,
                                    Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court for
the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00095)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: July 24, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David M. Scates appeals pro se from an order of the United States District Court for the Western District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.  For the following reasons, we will summarily affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In September 1998, a jury in the United States District Court for the Eastern District of Virginia found Scates guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g).  At sentencing in April 1999, the District Court classified Scates as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three Virginia state court burglary convictions.  He was sentenced to 293 months of incarceration.  Scates' direct appeal and his motion under 28 U.S.C. § 2255 were unsuccessful.[1]

While confined at FCI Loretto, Scates filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania.  He alleged that his Virginia burglary convictions no longer qualify as ACCA predicate offenses.  A Magistrate Judge recommended dismissing the petition because Scates failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy.  Over Scates' objections, the District Court adopted the Magistrate Judge's Report and

---

[1] We note that, pursuant to a grant of executive clemency in January 2017, Scates' sentence of imprisonment now expires on January 19, 2019.  In addition, we note that in July 2016, the United States Court of Appeals for the Fourth Circuit granted Scates' application to file a second or successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015).  It appears that the § 2255 motion is still pending in the

Recommendation and dismissed the petition for lack of jurisdiction. Scates filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). Generally, a motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

The ACCA provides for an enhanced sentence "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "violent felony" is a crime that, among other things, is

United States District Court for the Eastern District of Virginia.

"punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Scates claimed that his 1984 Virginia burglary conviction was not a "violent felony" because his sentence of 12 months of imprisonment did not "exceed[] one year." In support of this claim, Scates relied on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In that case, the Fourth Circuit, applying Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), held that a conviction cannot qualify as a predicate felony unless the defendant could have, as convicted, actually received a prison sentence exceeding one year.[2] 649 F.3d at 244-45 (stating that hypothetical aggravating factors cannot be considered when calculating the maximum punishment a defendant could have received for a prior conviction).

Scates failed to convincingly explain why he was not eligible for a sentence exceeding one year for his 1984 Virginia burglary conviction. Notably, the Virginia statute under which Scates claims that he was convicted provides for "confinement in a state correctional facility for not less than one or more than twenty years or, in the discretion of the jury or the court trying the case without a jury, … confine[ment] in jail for a period not exceeding twelve months …" Va. Code Ann. § 18.2-91. Thus, even if a challenge to a "career offender" designation under the ACCA can be brought under

---

[2] The Fourth Circuit held in Miller v. United States, that Simmons is retroactive. 735 F.3d 141, 146 (4th Cir. 2013).

§ 2241, Scates is not entitled to relief based on <u>Simmons</u>.[3]  Accordingly, the District

Court properly dismissed the § 2241 petition.

Because this appeal presents no substantial question, we will summarily affirm.

---

[3] Scates also argued that his career offender designation was improper under <u>Taylor v. United States</u>, 495 U.S. 575, 588-90 (1990) (regarding application of the categorical approach to determine whether convictions qualify as ACCA predicate offenses).  But a § 2241 petition may not be used to litigate a claim, like Scates' claim based on <u>Taylor</u>, that could have been pursued on direct appeal.  <u>See</u> <u>Okereke</u>, 307 F.3d at 120.