**Lance WHITAKER, Petitioner,**

v.

**Angela P. DUNBAR, Respondent.**

**No. 5:13–HC–2009–D.**

United States District Court,
E.D. North Carolina,
Western Division.

Signed Sept. 2, 2014.

---

Lance Whitaker, Butner, NC, pro se.

Seth Morgan Wood, U.S. Attorney's Office, Raleigh, NC, for Respondent.

## ORDER

JAMES C. DEVER III, Chief Judge.

On January 14, 2013, Lance Whitaker ("Whitaker" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Whitaker asks the court to resentence him on his conviction on count one for conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana, and to vacate his conviction and sentence on count five for being a felon in possession of a firearm. *See id.* 8. The petition initially was assigned to the Honorable Terrence W. Boyle. On October 8, 2013, Judge Boyle granted several motions to amend Whitaker's petition, conducted a preliminary review pursuant to 28 U.S.C. § 2243, and dismissed the petition. *See* [D.E. 19]. On October 15, 2013, Judge Boyle vacated the judgment in light of *Farrow v. Revell,* 541 Fed.Appx. 327 (4th Cir.2013) (per curiam) (unpublished), and allowed the petition to proceed. *See* [D.E. 21].

On November 1, 2013, the clerk served respondent with the petition. *See* [D.E. 25]. On November 20, 2013, Judge Boyle granted Whitaker's fifth motion to amend his petition. *See* [D.E. 27, 28]. On December 13, 2013, respondent responded in opposition to the petition [D.E. 32]. On December 20, 2013, Whitaker replied [D.E. 33], and the clerk reassigned the petition to the undersigned (who accepted Whitaker's guilty plea and sentenced Whitaker). *See* [D.E. 34].

Whitaker filed additional motions to amend his petition. *See* [D.E. 37, 42, 43,

45, 46]. The court grants the motions to amend, and addresses all of Whitaker's claims. Whitaker also seeks appointment of counsel [D.E. 42], and asks this court to reconsider its 2011 decision to dismiss his section 2255 motion. *See* [D.E. 44]. On February 12, 2014, respondent moved to deny the petition [D.E. 38]. On March 3, 2014, Whitaker responded in opposition [D.E. 41]. As explained below, the court grants in part Whitaker's section 2241 petition, vacates Whitaker's conviction and sentence on count five, and denies all other requests for relief.

## I.

On December 14, 2009, Whitaker pleaded guilty, pursuant to a plea agreement, No. 4:09–CR–91–D [D.E. 28], to conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana in violation of 21 U.S.C. § 846 (count 1), and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count 5). *See* Arraignment Tr., No. 4:09–CR–91–D [D.E. 88] 27–29. The plea agreement contained a waiver under *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990), concerning Whitaker's appellate and post-conviction rights. In the waiver, Whitaker agreed

[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffec-

tive assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Plea Agr., No. 4:09–CR–91–D [D.E. 28] ¶ 2.c. At his arraignment, Whitaker knowingly, intelligently, and voluntarily waived the rights within the scope of the waiver. *See* Arraignment Tr. 23–25; *United States v. Copeland,* 707 F.3d 522, 528–30 (4th Cir.2013); *United States v. Thornsbury,* 670 F.3d 532, 537 (4th Cir.2012); *United States v. Blick,* 408 F.3d 162, 168 (4th Cir.2005).

On May 4, 2010, the court sentenced Whitaker. *See* No. 4:09–CR–91–D [D.E. 36]. At sentencing, the court calculated the advisory guideline range on count 1 as 360 months to life imprisonment based on a criminal-history category of VI and a total offense level of 38. On count 5, the court calculated the advisory guideline range to be 120 months due to the 120–month statutory maximum. At sentencing, the court granted the government's motion pursuant to U.S.S.G. § 5K1.1. After considering each attorney's argument, Whitaker's statement, and all relevant factors under 18 U.S.C. § 3553, the court sentenced Whitaker to 276 months' imprisonment on count one and 120 months' imprisonment on count five to run concurrently. *See* Sentencing Tr., No. 4:09–CR–91–D [D.E. 87] 14–17. Whitaker did not appeal.

On August 12, 2010, Whitaker moved to vacate his sentence pursuant to 28 U.S.C. § 2255 and raised numerous arguments. *See* No. 4:09–CR–91–D [D.E. 37]. On August 23, 2011, the court denied relief under section 2255. *See* No. 4:09–CR–91–D [D.E. 58]. Specifically, the court held that

the *Wiggins* waiver in Whitaker's plea agreement barred Whitaker's attack on the enhancement provision in 21 U.S.C. § 851 concerning count one. *See id.* 2–3. As for Whitaker's ineffective-assistance-of-counsel claims concerning the section 851 enhancement, Whitaker's status as a career offender, and counsel's advice concerning Whitaker's guilty plea and sentencing, the court dismissed those claims for failure to state a claim upon which relief can be granted. *Id.* 3–6. Similarly, the court dismissed Whitaker's request for a sentence reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. *Id.* 6. Finally, the court denied a certificate of appealability. *Id.* 6–7.

Whitaker sought to appeal. On December 30, 2011, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed Whitaker's appeal. *See United States v. Whitaker,* 460 Fed.Appx. 225 (4th Cir.2011) (per curiam) (unpublished).

On September 23, 2011, Whitaker filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582. No. 4:09–CR–91–D [D.E. 67]. On January 24, 2012, counsel entered a notice of appearance on Whitaker's behalf and amended the section 3582 motion on March 1, 2012. No. 4:09–CR–91–D [D.E. 74, 78]. Whitaker's section 3582 motion sought relief under both the Fair Sentencing Act of 2010 ("FSA") and *United States v. Simmons,* 649 F.3d 237 (4th Cir.2011) (en banc). On October 1, 2012, the court rejected Whitaker's FSA claim on the merits and denied Whitaker's *Simmons* argument without prejudice as an unauthorized successive 2255 motion. No. 4:09–CR–91–D [D.E. 79] 1–3.

On December 18, 2012, Whitaker moved in the Fourth Circuit, pursuant to 28 U.S.C. § 2244, for authorization to file a successive habeas application. On January 4, 2013, the Fourth Circuit denied the motion. *In re Whitaker,* No. 12–402 (4th Cir. Jan. 4, 2013) (per curiam) (unpublished); *see* Pet. 4.

On September 24, 2013, Whitaker filed a motion for reconsideration in this court concerning his first section 2255 motion. No. 4:09–CR–91–D [D.E. 44]. On January 17, 2014, the court denied Whitaker's motion for reconsideration "without prejudice to Whitaker filing a separate motion under 28 U.S.C. § 2241 concerning his conviction on count five." No. 4:09–CR–91–D [D.E. 83] 1–2 (citing *Miller v. United States,* 735 F.3d 141, 144–47 (4th Cir.2013)).

On January 14, 2013, Whitaker filed this petition under 28 U.S.C. § 2241. Whitaker, however, did not limit his section 2241 petition to his conviction on count five. Although Whitaker's petition and numerous amendments are difficult to understand, he essentially makes three claims. First, Whitaker challenges his conviction on count five under 18 U.S.C. § 922(g) in light of *Simmons* and its progeny. *See* Pet. 5; Mem. Supp. Pet. 3–7; [D.E. 5, 6, 8, 11, 12, 14, 17, 18, 27, 29, 33, 35, 46]. Second, Whitaker seeks a sentence reduction under Federal Rule of Criminal Procedure 35. *See* [D.E. 3, 4, 6, 7, 14, 16]. Third, in light of *Whiteside v. United States,* 748 F.3d 541, 551 (4th Cir.), *reh'g en banc granted,* 578 Fed.Appx. 218 (4th Cir.2014), Whitaker challenges his status as a career offender and the enhancement under 21 U.S.C. § 851 concerning his sentence on count one. *See* [D.E. 15, 42].[1]

---

1. To the extent Whitaker raises a claim concerning the calculation of the drug quantity attributed to him at sentencing or a FSA claim, *see, e.g.,* [D.E. 7, 9, 15, 16, 27], the court denies relief. The "savings clause" in section 2255 does not extend to a prisoner who asserts only innocence of a sentencing factor. *See, e.g., United States v. Pettiford,* 612 F.3d 270, 284 (4th Cir.2010); *United States v. Poole,* 531 F.3d 263, 267 n. 7 (4th Cir.2008);

A federal prisoner may use section 2241 to attack his conviction or sentence only if a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see, e.g., Rice v. Rivera,* 617 F.3d 802, 806–08 (4th Cir.2010); *In re Jones,* 226 F.3d 328, 333–34 (4th Cir.2000); *In re Vial,* 115 F.3d 1192, 1194–98 (4th Cir.1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of detention when three conditions are met:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

*Jones,* 226 F.3d at 333–34. Section 2255 is "not rendered inadequate or ineffective" merely because a petitioner is procedurally barred from filing a section 2255 motion. *Vial,* 115 F.3d at 1194 n. 5.

As for Whitaker's claim under Rule 35, the claim is not cognizable in a section 2241 petition. *See, e.g., Hicks v. Patton,* No. 07CV046–HRW, 2007 WL 2793847, at *6–7 (E.D.Ky. Sept. 26, 2007) (unpublished); *Garcia v. Beeler,* No. CIV.A. 97–5624(JEI), 1998 WL 418041, at *3–4 (D.N.J. July 20, 1998) (unpublished) (collecting cases). Alternatively, given that the government did not file a Rule 35 motion, Whitaker's claim fails on the merits. *See* Fed.R.Crim.P. 35(b) (noting that a government motion is required for a sentence reduction under Rule 35). Moreover, Whitaker sought a sentence reduction under Rule 35 in his first section 2255 motion, and the court denied his request. *See* No. 4:09–CR–91–D [D.E. 79] 6. Nothing has changed. Thus, the court rejects Whitaker's claim under Rule 35.

As for Whitaker's challenge to his conviction and sentence on count five under 18 U.S.C. § 922(g), respondent acknowledges that, in light of *Simmons,* Whitaker "is actually innocent of that section 922(g) conviction." *See* Resp. [D.E. 32] 4; Mem. Supp. Mot. Deny [D.E. 39] 3; *Miller,* 735 F.3d at 144–47. Respondent contends, however, that the court should decline to give Whitaker relief on count

*Butler v. United States,* No. 3:13CV384–HEH, 2013 WL 5755625, at *2 (E.D.Va. Oct. 23, 2013) (unpublished), *aff'd sub nom., Butler v. Wilson,* 564 Fed.Appx. 736 (4th Cir.2014) (per curiam) (unpublished); *Smith v. Fed. Bureau of Prisons,* No. CA 9:13–384–RMG, 2013 WL 3833050, at *4 & n. 2 (D.S.C. July 23, 2013) (unpublished), *aff'd sub nom., Smith v. Atkinson,* 546 Fed.Appx. 299 (4th Cir.2013) (per curiam) (unpublished). Alternatively, the court already has rejected Whitaker's FSA claim on the merits. *See* No. 4:09–CR–91–D [D.E. 79] 2–3. Nothing has changed, and Whitaker's FSA claim fails. As for the drug-weight calculation, the *Wiggins* waiver in Whitaker's plea agreement bars the claim. *See* Plea Ag. ¶ 2.c. Alternatively, Whitaker procedurally defaulted any argument concerning the drug-weight calculation. *See, e.g., Massa-*

*ro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *United States v. Fugit,* 703 F.3d 248, 253 (4th Cir.2012); *United States v. Sanders,* 247 F.3d 139, 144 (4th Cir.2001). Furthermore, Whitaker does not plausibly allege either actual innocence or cause and prejudice as to the drug-weight calculation. *See, e.g., Bousley,* 523 U.S. at 622–24, 118 S.Ct. 1604; *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Pettiford,* 612 F.3d at 284; *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir.1999). Thus, the court rejects any claims concerning the FSA or drug-weight calculation.

five for three alternative reasons: (1) Whitaker's 120–month sentence on count five under 18 U.S.C. § 922(g) runs concurrently to his 276–month sentence on count one under 21 U.S.C. § 846 and thus would not effect Whitaker's earlier release from prison; (2) Whitaker's *Wiggins* waiver in his plea agreement bars his *Simmons* challenge to his conviction and sentence on count five; and, (3) Whitaker did not challenge his predicate felony convictions underlying count five on direct appeal and thus is barred from doing so on collateral review. *See* Resp. 3–5; Mem. Supp. Mot. Deny 4–5.

As for Whitaker's conviction and sentence on count five, the government concedes that if *Simmons* is retroactive, Whitaker is actually innocent of his conviction of being a felon in possession of a firearm. Furthermore, at the time of Whitaker's conviction and sentence on count five, settled Fourth Circuit law established the legality of that conviction and sentence. Moreover, subsequent to Whitaker's first section 2255 motion, the substantive law changed due to *Simmons* such that the conduct of which Whitaker was convicted in count five is deemed not to be criminal due to the absence of a qualifying underlying felony conviction. In addition, Whitaker cannot satisfy the gatekeeping provisions of section 2255 because the new rule in *Simmons* is not one of constitutional law. As such, the court may provide relief under section 2241 concerning the conviction and sentence on count five under section 2241. *See, e.g., Prousalis v. Moore,* 751 F.3d 272, 275 (4th Cir.2014); *Farrow,* 541 Fed.Appx. at 328–29; *In re Jones,* 226 F.3d at 333–34.

■ The court rejects the government's arguments opposing relief on count five. Even though vacating Whitaker's conviction and 120–month sentence on count five will not effect Whitaker's earlier release from prison given Whitaker's lawful conviction and sentence on count one, the court sees no reason not to vacate Whitaker's conviction and sentence on count five. *See Farrow,* 541 Fed.Appx. at 328–29; *Miller,* 735 F.3d at 144–47. After all, Whitaker is actually innocent of being a felon-in-possession of a firearm as charged in count five, and no statute authorizes this court to convict an actually innocent person and to sentence an actually innocent person to prison. *See Chapman v. United States,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). As for the government's argument concerning the *Wiggins* waiver and count five, the waiver does not include within its scope an attack on a conviction for which the government concedes Whitaker is actually innocent. *See, e.g., Blick,* 408 F.3d at 169–73; *United States v. Attar,* 38 F.3d 727, 732–35 (4th Cir.1994); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992) ("[A] defendant who waives his right to appeal [or collateral attack] does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have his right to appellate [or collateral] review of a sentence imposed in excess of the maximum penalty provide by statute...."). Finally, Whitaker's actual innocence on count five takes him outside the general rule of procedural default. *See, e.g., Bousley,* 523 U.S. at 622–24, 118 S.Ct. 1604; *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546; *Frady,* 456 U.S. at 170–71, 102 S.Ct. 1584.

■ As for Whitaker's challenge to his designation as a career offender and the section 851 enhancement on count one, *Whiteside* does not help him. On July 10, 2014, the Fourth Circuit granted rehearing en banc. *See Whiteside v. United States,* 578 Fed.Appx. 218 (4th Cir.2014). Thus, the Fourth Circuit vacated the panel deci-

sion in *Whiteside.* *See* 4th Cir. R. 35(c); *Richmond Med. Ctr. for Women v. Herring,* 570 F.3d 165, 168 (4th Cir.2009) (en banc). Moreover, even if *Whiteside* had not been vacated and survives en banc review, it would not help Whitaker as to his sentence on count one. The *Wiggins* waiver in his plea agreement is valid as to his challenge to his sentence on count one and bars his claims concerning his career-offender designation and his challenge to the section 851 enhancement. *See, e.g., Copeland,* 707 F.3d at 529–30; *Thornsbury,* 670 F.3d at 537; *Blick,* 408 F.3d at 168; *see also* Arraignment Tr. 23–25. Accordingly, even if this court could consider Whitaker's challenge to his sentence on count one under section 2241, Whitaker would get no relief concerning his sentence on count one.

Alternatively, even if the *Wiggins* waiver did not bar Whitaker's claims concerning Whitaker's sentence on count one, the court continues to believe that it sentenced Whitaker to the sentence on count one that is sufficient but not greater than necessary in light of all the section 3553(a) factors and the government's motion under section 5K1.1. Thus, Whitaker would get no relief concerning his sentence on count one. *See, e.g., United States v. Gomez–Jimenez,* 750 F.3d 370, 382–86 (4th Cir. 2014); *United States v. Hargrove,* 701 F.3d 156, 160–65 (4th Cir.2012); *United States v. Savillon–Matute,* 636 F.3d 119, 123–24 (4th Cir.2011).

As for Whitaker's latest motion for reconsideration of the court's denial of his section 2255 motion [D.E. 44], the motion constitutes an improper attempt to use Rule 59(e) to avoid the effect of 28 U.S.C. § 2244(b)(3)(A) and is dismissed. *See, e.g.,* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart,* 549 U.S. 147, 152–53, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (per curiam); *United States v. MacDonald,* 641 F.3d 596, 603–04 (4th Cir. 2011); *United States v. Winestock,* 340 F.3d 200, 206–07 (4th Cir.2003); *In re Vial,* 115 F.3d at 1194–95. Alternatively, even if the court had jurisdiction to consider it, the court would deny the motion under the governing standard. *See Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir.2007); *Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir.2005); *Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir.2002); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998); *Hughes v. Bedsole,* 48 F.3d 1376, 1382 (4th Cir.1995); *Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 236 (4th Cir.1994); *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993).

■ As for Whitaker's motion for appointment of counsel [D.E. 42], the court denies the motion. No right to counsel exists in habeas corpus actions. *See, e.g., Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Whitaker has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel.

■ A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154

L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). A reasonable jurist would not find this court's rulings on Whitaker's latest motions debatable. Thus, the court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## II.

In sum, the court GRANTS petitioner's motions to amend [D.E. 37, 42, 43, 45, 46] and GRANTS IN PART the section 2241 petition [D.E. 1]. Whitaker's conviction and sentence on count five is VACATED. The waiver in Whitaker's plea agreement bars his challenge to his designation as a career offender and his challenge to his section 851 enhancement concerning his sentence on count one. Thus, the court DENIES Whitaker's request for relief on count one. Furthermore, Whitaker's other requests for relief in his section 2241 petition lack merit and are DENIED. The court DENIES Whitaker's remaining motions [D.E. 38, 42, 44], and DENIES a certificate of appealability.