**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4570**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

QUENTIN ROBERT BRASWELL, a/k/a Q,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:09-cr-00206-FL-1)

Submitted:  February 25, 2011       Decided:  March 18, 2011

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Steven A. Feldman, FELDMAN and FELDMAN, Uniondale, New York, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Robert Braswell pleaded guilty, pursuant to a written plea agreement, to distribution of five grams or more of cocaine base ("crack"), and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Braswell to a total of 322 months of imprisonment, and Braswell now appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning the validity of Braswell's guilty plea and the reasonableness of his sentence. Counsel concedes, however, that Braswell's plea agreement included a waiver-of-appellate rights provision with respect to his sentence. Despite being informed of his right to do so, Braswell has not filed a pro se supplemental brief.

The Government has filed a motion to dismiss the appeal of Braswell's sentence based on the appellate waiver in the plea agreement, which Braswell does not oppose. For the reasons that follow, we grant the Government's motion and dismiss the appeal of Braswell's sentence. We affirm his conviction.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue on appeal is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Braswell knowingly and intelligently entered into the plea agreement and waived his right to appeal his sentence.

Accordingly, we grant the Government's motion to dismiss the appeal of Braswell's sentence. Although Braswell's plea waiver does not preclude a direct appeal of his conviction, we have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Braswell's conviction.

We deny counsel's motion to withdraw from representation. This court requires that counsel inform Braswell, in writing, of the right to petition the Supreme Court of the United States for further review. If Braswell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Braswell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4