**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6739**

CHRISTOPHER ROLLINS,

    Petitioner - Appellant,

  v.

WARDEN, FCI Petersburg Medium,

    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Elizabeth W. Hanes, Magistrate Judge.  (3:19-cv-00844-EWH)

Submitted:  September 9, 2021     Decided:  September 14, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher Rollins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Rollins, a federal prisoner, appeals the magistrate judge's order denying relief on his 28 U.S.C. § 2241 petition in which he sought to challenge his conviction and sentence by way of the savings clause in 28 U.S.C. § 2255.* Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional writ of habeas corpus under § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. Here, the magistrate judge correctly determined that Rollins may not challenge the validity of his conviction and sentence through a § 2241 petition, as the conduct for which he was convicted remains criminal, *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), and he failed to identify a sentencing error sufficiently grave to be deemed a fundamental defect, *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *see also Braswell v. Smith*, 952 F.3d 441, 450 (4th Cir. 2020) ("[A] fundamental defect or a complete miscarriage of justice has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme." (internal quotation marks omitted)). Accordingly, we affirm the magistrate judge's order. *See Rollins v. Warden*, No. 3:19-cv-00844-EWH (E.D. Va. Mar. 8, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

2