**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4294

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODY LINDWOOD BOWDEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:18-cr-00289-CCB-1)

Submitted:  April 24, 2023                          Decided:  June 27, 2023

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Vincent A. Jankoski, VINCENT A. JANKOSKI, ESQ., Silver Spring, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Charles D. Austin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rody Lindwood Bowden appeals his conviction and 264-month sentence imposed on resentencing following his guilty plea to sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), (b)(2), (c).  Bowden's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 when accepting Bowden's plea and whether the district court imposed a procedurally and substantively reasonable sentence on resentencing.  Bowden was notified of his right to file a pro se supplemental brief but has not done so.  The Government moves to dismiss the appeal pursuant to the waiver of appellate rights in the plea agreement, which Bowden opposes.

Following our initial *Anders* review, we directed the parties to submit merits briefs addressing a single issue: whether the district court fully complied with *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), with respect to the two conditions of supervised release in the amended judgment addressing Bowden's obligation to report to the probation office upon his release from the Bureau of Prisons (BOP). We deferred ruling on the Government's motion to dismiss pending review of the merits briefs.  Having reviewed the parties' submissions, we grant the motion to dismiss in part and affirm in part.

As a threshold matter, our review is circumscribed by the scope of our mandate in Bowden's previous appeal of his original criminal judgment. *See United States v. Bowden*, 841 F. App'x 628 (4th Cir. 2021) (No. 20-4196) ("*Bowden I*") (vacating and remanding for resentencing under *Rogers*).  "The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded on appeal. *Volvo Trademark Holding*

2

*Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007). The rule limits subsequent proceedings only to issues falling within the appellate court's mandate. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). The rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "litigation of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted). In other words, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver., Inc., v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (internal quotation marks omitted).

In *Bowden I*, Bowden raised only a challenge to his original sentence under *Rogers*.[1] When we vacated Bowden's sentence and remanded for resentencing, we effectively laid to rest any challenge to Bowden's conviction. Bowden does not identify any exception to the mandate rule that would permit us to review his conviction at this late juncture, and we are aware of none. *See Doe v. Chao*, 511 F.3d 461, 467 (4th Cir. 2007) (describing "a few exceptional circumstances" permitting deviation from mandate rule). Thus, the validity of Bowden's guilty plea falls outside the scope of this appeal. Because *Bowden I* vacated

---

[1] Although counsel in *Bowden I* initially filed a brief pursuant to *Anders*, she filed a merits brief presenting the *Rogers* claim before the Government's time to file a response brief expired and prior to our *Anders* review. That merits brief relieved us of our obligation to conduct a full *Anders* review. *Bowden I*, 841 F. App'x at 629 n.1; *see Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (discussing *Anders* procedure); *United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (limiting appellate review to issues raised in opening brief).

Bowden's sentence and remanded for a full resentencing, however, the entire sentence imposed on resentencing is ripe for review in this appeal.[2] *See United States v. Alston*, 722 F.3d 603, 606-07 (4th Cir. 2013).

Turning to the appeal waiver, we review the validity of the waiver de novo. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted).

"To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant

---

[2] We have jurisdiction to review Bowden's sentence, although it was imposed pursuant to a Rule 11(c)(1)(C) plea agreement, because the advisory Sentencing Guidelines range was "a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018); *see United States v. Williams*, 811 F.3d 621, 623-24 (4th Cir. 2016); *see also Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (noting appellate court's obligation to inquire sua sponte into its own jurisdiction).

understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Even a valid appeal waiver will not preclude a defendant from raising issues on appeal that "fall within the narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights." *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005). This narrow class includes only challenges that implicate "fundamental issues," *Braswell v. Smith*, 952 F.3d 441, 451 (4th Cir. 2020) (internal quotation marks omitted), such as claims that the sentence exceeds the statutory maximum or was based on a "constitutionally impermissible factor such as race," *United States Copeland*, 707 F.3d 522, 530 (4th Cir. 2013) (internal quotation marks omitted.

Bowden does not fairly dispute that his appeal waiver was valid, and the record reveals that it was knowing and voluntary. We are unpersuaded by Bowden's argument that the Government forfeited its right to seek enforcement of the appeal waiver by failing to raise the waiver in *Bowden I*, particularly given the limited scope of our review in that appeal. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (explaining that *Rogers* claims fall outside appeal waiver); 4th Cir. R. 27(f)(2) (requiring filing of motion to dismiss within time allowed for response brief). Additionally, Bowden's attempt to avoid the waiver as encompassing nonwaivable issues is misplaced, as we simply decline to enforce the waiver to bar review of any such nonwaivable issues.

The language of the waiver is broad, encompassing an appeal of whatever sentence is imposed for any reason, other than a sentence outside the statutory maximum. Bowden was sentenced within the applicable statutory range. Thus, his arguments under *Anders*

5

questioning the procedural and substantive reasonableness of his sentence fall within the waiver's scope.

Bowden's claim of *Rogers* error falls outside the scope of the appeal waiver. *Singletary*, 984 F.3d at 345. In evaluating that claim, "we review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 192 (4th Cir. 2022) (cleaned up). In *Rogers*, we held that a sentencing court is required to orally pronounce at sentencing all discretionary conditions of supervised release, including standard conditions. 961 F.3d at 296. This requirement represents "a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), ensuring the defendant's meaningful opportunity to object to unwarranted conditions before they are imposed and promoting compliance with "the requirement that discretionary conditions be adequately explained," *id.* at 298. Because "[d]iscretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities" to which "the defendant has not been sentenced," *Singletary*, 984 F.3d at 344, the remedy for *Rogers* error is to vacate the sentence and remand for resentencing, *see id.* at 344, 346 & n.4.

At Bowden's resentencing, the district court orally pronounced all of the conditions listed in the amended written judgment as "mandatory," "standard," and "additional" conditions of supervised release, including the "standard" condition requiring Bowden to report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of his release from imprisonment, unless otherwise instructed by the probation officer. However, the court did not announce another condition listed in the

6

written judgment, which requires Bowden to report to the probation office in the district to which he is released within 72 hours of release from custody of the BOP.

We are unpersuaded by the Government's argument that either our discussion of a similar error in *Cisson*, *see* 33 F.4th at 193-94, or the plain language of the two conditions resolves the potential inconsistency between them. Nevertheless, Bowden candidly acknowledges that the two conditions may be consistent in the vast majority of cases, and he does not proffer an alternative reading of the conditions' language or identify any circumstances in which the conditions are—or in the future will be—materially inconsistent. Under these circumstances, and in view of the policies of the BOP and the Pretrial and Probation Services Office cited by the Government, we conclude that Bowden has not demonstrated that the written conditions governing his initial reporting requirements are, in fact, inconsistent. We therefore discern no *Rogers* error.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that would fall outside the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part, dismiss all issues within the scope of the appeal waiver, and affirm as to all remaining issues.

This court requires that counsel inform Bowden, in writing, of the right to petition the Supreme Court of the United States for further review. If Bowden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowden.

7

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*